UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | CASE NO. 4:13cv2522 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL PUGH, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Frederick Banks filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Warden Michael Pugh, NEOCC Case Manager J. Headley, the United States Marshal, the "CCA Mailroom" and an unknown agent in the mailroom. In the complaint, plaintiff contends defendants denied him a gratuity given to released prisoners and requests that this Court order the mailroom to stop rejecting mail when he does not complete the proper mail slips to deduct payment for postage from his account. He also filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2.) For the reasons set forth below, the motion is denied and this action is dismissed without prejudice**.**

I.  **Background**

Plaintiff is no stranger to the federal courts. Since his incarceration, he has filed a multitude of civil rights actions against his jailers, various state and federal government agencies,

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

and political figures, alleging claims concerning the conditions of his confinement. In the present action, he requested a $3,000 gratuity from the Bureau of Prisons pursuant to BOP Program Statement 5873.60. He was informed that the Program Statement applied only to certain designated inmates. Plaintiff is being detained as a parole violator pending trial and is not eligible for a gratuity as long as he is on "holdover status." (Doc. No. 1-1 at 2.) He was also told gratuities were discretionary, but were limited to $500, depending on the inmate's needs and financial resources. His request exceeded that amount. In addition, he complains that the mailroom refuses to process his mail unless he completes a cash slip for the postage. Plaintiff put a Post-It note on the letter noting he needed postage and threatening a lawsuit if the mail was rejected.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id*. Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Additionally, a petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g) and is counted toward the three strikes where the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action. *See In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by prisoners. Allowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (quoting H.R. Conf. Rep. No. 104-378, at 166 (1995))).

As the language of 28 U.S.C. § 1915(g) indicates, the three strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the

complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

### III. Discussion

Plaintiff is a well-established, multi-district, frequent filer, who has, on at least three prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). *See Banks v. Action Software*, No. 1:07 CV 930, 2007 WL 1989751 (N.D. Ohio July 9, 2007) (dismissed under §1915(e)); *Banks v. Scarsborough*, No. 4:13 CV 170, 2013 WL 1337413 (N.D. Ohio Mar. 29, 2013) (dismissed under three strikes provision of §1915(g)); *Banks v. Unknown Named Federal Judges*, No. 1:13 CV 1763, 2013 WL 5519677 (N.D. Ohio Oct. 2, 2013) (dismissed under §1915(e)). This Court conducted a brief search at the district court level, and found over 205 cases that plaintiff filed in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern

District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska.[2] Of those cases, fifty (50) were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), and ninety-nine (99) were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Furthermore, plaintiff attempted to circumvent dismissal under § 1915(g) by filing twenty-nine (29) civil rights actions as habeas petitions under 28 U.S.C. § 2241. Those twenty-nine (29) cases were dismissed as frivolous or as improper filings.

Plaintiff has not limited his litigious activities to civil rights and habeas actions. Of those 205 cases, plaintiff filed twenty-seven (27) adversarial cases in Bankruptcy Court in the Western District of Pennsylvania, and then appealed the summary dismissal of those actions to the District Court. He filed twenty-five (25) of those appeals on the same day, and filed the other two (2) appeals one month later. All twenty-seven (27) cases were summarily dismissed as inappropriate filings in a bankruptcy action. In addition, plaintiff filed motions to appear *ad hoc vice* as counsel for defendants in two (2) criminal cases in Florida. In one of those cases, the defendant indicated to the court that he did not solicit or desire plaintiff's representation.[3]

In fact, plaintiff's frivolous filings became so prolific that the Western District of Pennsylvania and the Eastern District of Arkansas took the extraordinary step of enjoining plaintiff from filing any additional actions without leave of court. *See Banks v. Unknown Named*

---

[2] A list of all the cases is attached to this opinion.

[3] In *United States v. Jadusingh*, No. 6:05 cr 9 (M.D. Fla.), Banks filed a Motion to Modify Sentence on behalf of Jadusingh and a Motion to Appear Pro Hac Vice. Because he was not an attorney and was himself a prisoner, the documents were stricken. Similarly, in *United States v. Smith*, No. 0:91 cr 6159 (S.D. Fla.), Banks filed a Motion to appear Pro Hac Vice seeking to represent the defendant. The request was stricken because Banks is not an attorney, is himself incarcerated, and had filed the document without the consent of the defendant, who did not want his services.

*Number of U.S. Postal Inspectors*, No. 2:13 CV 1198, slip op. (W.D. Pa. Nov. 6, 2013) (adopting R&R dated Oct. 1, 2013); *Banks v. Antitrust Div.*, No. 4:13 CV 455 (E.D. Ark. Aug. 12, 2013).

Plaintiff's captioning of his pleading in this action as a mandamus petition does not defeat the application of the PLRA's prohibition on proceeding IFP in this action. Plaintiff asserts he was denied due process because the Bureau of Prisons would not pay him a gratuity and asks the Court to order the prison mailroom to send his packages without assessing him for postage. He seeks monetary damages. His pleading is without a doubt a civil rights "complaint," no matter how he styles it. *See, e.g., Banks v. Warden, FPC Canaan*, No. 1:11-CV-668, 2011 WL 1542132, at *1 n.2 (M.D. Pa. April 21, 2011) ("Although styled as a 'complaint for a writ of mandamus' it is clear that plaintiff is initiating a civil action."); *Banks v. Sager*, No. 1:11-CV-0741, 2011 WL 1542136, at *1 (M.D. Pa. April 21, 2011) (same); *Banks v. Lappin*, No. 08–0152, 2008 WL 2874193, at *1 (D.D.C. July 25, 2008) (vacating grant of IFP to plaintiff in a proceeding plaintiff captioned as a mandamus petition, stating: "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus." (quoting *In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997))).

Because plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), he cannot proceed IFP in this action unless he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed his complaint. To be considered imminent, the danger must be contemporaneous with the complaint's filing. *Vandiver*, 416 F. App'x at 562 (finding that "[b]ecause § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the

complaint is filed.") (internal citation and quotation omitted); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception). Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10–cv–231, 2010 WL 1027897, at * 2–3 (W.D. Mich. Mar. 18, 2010). Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *Vandiver*, 416 F. App'x at 562.

None of the allegations in plaintiff's complaint suggest that he is under imminent danger of serious physical injury. He claims he was denied a gratuity and is unable to mail packages without postage. Plaintiff does not allege he is under threat of serious physical injury. Thus, the exception to 28 U.S.C. § 1915(g) does not apply in this case, and plaintiff may not proceed *in forma pauperis*. *See Vandiver*, *Ashley*, *Banos*, and *Luedtke*, *supra*.

IV. <u>Conclusion</u>

For the reasons set forth herein, plaintiff's motion to proceed *in forma pauperis* is **DENIED**, and this action is **DISMISSED without prejudice** pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). If plaintiff wishes to continue this case, he must within thirty (30) days of the entry of this order: (1) pay the $400 filing fee in full, noting the above case style

and number; and (2) file a motion to reopen the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 18, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**