UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | CASE NO. 4:13cv2522 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL PUGH, *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Frederick Banks filed this Motion for Reconsideration (Doc. No. 5) on March 26, 2014 asking this Court to vacate its order denying his motion to proceed *in forma pauperis* and dismissing his case, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). For the reasons set forth below, the motion is **DENIED**.

### I. Background

On March 18, 2014, this Court denied plaintiff's motion to proceed *in forma pauperis* because plaintiff, on at least three prior occasions while incarcerated, filed an action that was dismissed on the grounds it was frivolous, malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Plaintiff is a well-established, multi-district, frequent filer, who has filed over 205 cases that were dismissed at the pleading stage in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the

District of Columbia, the Southern District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. Of those cases, 99 were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g).

Nevertheless, Banks contends 28 U.S.C. § 1915(g) does not apply to this case. Specifically, he claims: (1) all of the other courts were wrong in applying § 1915(g) or § 1915(e) to dismiss his cases and he is working to vacate these decisions; (2) he has won the most federal criminal cases in United States history and won the largest civil case settlement in *Cobell v. Salazar*, 573 F.3d 808 (D.C. Cir. 2009); (3) § 1915(g) does not apply to mandamus actions; (4) his case has merit and should be permitted to proceed; and (5) he is in imminent danger because the prison will not take his blood pressure or give him psychotropic medications free of charge and the gratuity claimed in his complaint would make it easier for him to purchase these goods and services.

**II.     Standard of Review**

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Such a motion is extraordinary and is seldom granted, "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, slip op. at *1 (M.D. Tenn. Jan. 26, 2011). A court may grant a motion to alter or amend a judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an

2

intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A Rule 59(e) motion is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id*. Motions under Rule 59(e) must present one of the four listed grounds to be granted. *Id*.

### III. Analysis

None of the assertions in plaintiff's motion for reconsideration justifies relief under Rule 59(e). While plaintiff claims the Court made a clear error of law in applying § 1915(g) to his mandamus action, he is incorrect. A petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g) counted toward the three strikes where the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action. *See In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by prisoners. Allowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'"). Plaintiff's complaint was exactly this type of mandamus action.

Plaintiff's remaining arguments fail to establish a clear error of law, newly discovered evidence, or an intervening change in controlling law. At best, they could be construed as an attempt to demonstrate a need to prevent manifest injustice. As applied to Rule

59(e), no general definition of manifest injustice has ever been developed; however, courts instead look at the matter on a case-by-case basis. *Torre v. Federated Mut. Ins. Co.*, 906 F.Supp. 616, 619 (D. Kan. 1995) (unsubstantiated assertion could not lead to a finding of manifest injustice); *In re Betts*, 157 B.R. 631, 633 (Bankr. N.D. Ill. 1993) (mere disagreement with court's findings does not rise to level of manifest injustice). What is clear from case law, and from a natural reading of the term itself, is that a showing of "manifest injustice" requires that there exist a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and not in line with applicable policy. *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007). Manifest injustice does not include a party attempting "to correct what has—in hindsight—turned out to be poor strategic decision[.]" *GenCorp, Inc.*, 178 F.3d at 834; *see also Oaks v. Allstate Ins. Co.*, CIV. 05–191–REW, 2007 WL 38375, at *3 (E.D.Ky. Jan. 5, 2007) ("Rule 59(e) is not a second opportunity for [p]laintiff to correct his oversights[.]").

Plaintiff's manifest injustice arguments fail to rise to this level. First, he claims all of the other 205 case dismissals were incorrect and he is in the process of having those overturned. The three strikes provision requires only three prior cases dismissed pursuant to 28 U.S.C. § 1915(e) to bar plaintiff from proceeding *in forma pauperis* in the present action. Plaintiff has had more than three such cases dismissed in the Northern District of Ohio alone. *See Banks v. Action Software*, No. 1:07 CV 930 (N.D. Ohio July 9, 2007) (dismissed under §1915(e)); *Banks v. Scarsborough*, No. 4:13 CV 170 (N.D. Ohio Mar. 29, 2013) (dismissed under three strikes provision of §1915(g)); *Banks v. U.S. Marshal,* No. 4:13 CV 490 (N.D. Ohio June 19, 2013) (dismissed under §1915(e)); *Banks v. An Unknown Named Number of Federal*

4

*Judges and United States Covert Government Agents*, No. 1:13 CV 1763 (N.D. Ohio Oct. 10, 2013) (dismissed under §1915(e)). None of those decisions have been overturned on appeal. With over 200 cases dismissed by other district courts under § 1915(e) or § 1915(g), there is ample support for denying plaintiff's motion to proceed *in forma pauperis*.

Second, plaintiff claims he won more criminal cases than any other individual in United States history and obtained the largest civil settlement. In addition to being patently untrue, these statements are also irrelevant to a Rule 59(e) motion.[1]

Third, plaintiff argues his case has merit and he should therefore be permitted to proceed without paying the full filing fee. The three strikes provision of § 1915(g) does not focus on the merits of the complaint, but rather on the number of previous cases dismissed as frivolous, malicious or for failure to state a claim under § 1915(e). The only review of the merits of the complaint focuses on whether plaintiff alleges facts to suggest he is in imminent physical danger.

Plaintiff did not allege facts in his complaint to suggest he was in imminent physical danger when he filed the action. He complained in part that he was entitled to a larger gratuity than he received. He asserts in this motion that he is in imminent danger because he has to purchase medication and the larger gratuity would make it easier for him to do that. He also asserts he was denied blood pressure screenings. He did not include those allegations in his complaint. To qualify for the exception to § 1915(g), plaintiff must allege he was in imminent

---

[1] Although plaintiff has been convicted multiple times in federal court, his claim that he "won" more cases than anyone is United States history is absurd. Plaintiff is not an attorney licensed to practice law and is himself incarcerated. It does not appear that he won any of his own criminal cases and, because he cannot represent others in court, he cannot claim to have "won" criminal cases on behalf of other inmates. Moreover, he was not a party to the case in which he claims he won the largest civil settlement. That case, *Cobell v. Salazar*, No. 1:96 CV 1285 (D.D.C. filed June 10, 1996), was a class action lawsuit filed by multiple attorneys. Plaintiff was not a member of the class. He attempted to intervene in that action on October 19, 2009 but his motion was promptly denied on October 23, 2009. His motion to proceed *in forma pauperis* on appeal also was denied.

5

physical danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, No. 08–2602, 2011 WL 1105652, at *2 (6th Cir. Mar. 28, 2011). The imminent danger exception is a pleading requirement. *Id.*; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

In addition, neither of those issues suggests plaintiff is in imminent danger of physical harm. Medical issues were not part of the complaint and, therefore, even if plaintiff were granted pauper status and were permitted to proceed with this case, those issues would not be addressed. Moreover, prisoners that fall within the institution's pauper guidelines will not be denied medical care due to inability to pay for services. Plaintiff does not allege in his complaint or motion that he has been denied medical care due to his inability to pay for treatment. He alleges it would be easier for him to purchase medications if he received a larger gratuity. The fact that this gratuity, if awarded to plaintiff, would provide more money to him to make broader spending choices, does not suggest he is in imminent danger of physical harm.

### IV. Conclusion

For all the foregoing reasons, plaintiff's Motion for Reconsideration (Doc. No. 5) is denied.

**IT IS SO ORDERED**.

Dated: September 9, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**